```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JASON SCOTT WOODS,

               Plaintiff,

vs.                                      Case No. 2:06-cv-516-FtM-99DNF

OFFICER KULPESKOV; SECRETARY OF THE
DEPARTMENT OF CORRECTIONS,

               Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of the file. Plaintiff, who is proceeding *pro se*, filed a civil rights Complaint (Doc. #9) pursuant to 42 U.S.C. § 1983 on September 8, 2006 in the United States District Court for the Southern District of Florida. The case was subsequently transferred to this Court. (Doc. #1.)

The Complaint alleges that on July 7, 2006, while incarcerated at Charlotte Correctional,[1] Plaintiff was interviewed by an FBI agent with Officer Kulpeskov present. Plaintiff admits that he "cussed the agent out and Officer Kulpeskov told me to face the wall." A verbal altercation ensued between Defendant Kulpeskov and Plaintiff. Plaintiff was returned to his cell. Shortly thereafter, Plaintiff

---

[1] It appears that Plaintiff is now incarcerated at the Indian River County Jail, although Plaintiff has not updated his address with the Court to reflect his incarceration at this jail. Additionally, the Court notes that Plaintiff has provided the Court with two different addresses that appear to be residence addresses in Vero Beach and Leesburg, Florida. It is Plaintiff's responsibility to keep the Court apprised of his current address.

alleges that Defendant Kulpeskov called to have Plaintiff sent to the lieutenant's office. Plaintiff avers that the lieutenant's window had been covered with paper, that the lieutenant left his office when Plaintiff arrived, and that Defendant Kulpeskov proceeded to attack Plaintiff. After the attack, Defendant Kulpeskov allegedly threatened Plaintiff that "if he hears my name when he works that he do it [sic] again and it will be worse." On the Civil Rights Complaint form, Plaintiff admits that at the time he filed his Complaint he did not pursue any of his available administrative remedies. Plaintiff explains he did not exhaust his administrative remedies because he feared he would be attacked again.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address

complaints internally before allowing the initiation of a federal case'," Id.; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" Id.

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; Booth v. Churner, 532 U.S. 731, 739 (2001)). See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Thus, exhaustion is a pre-condition to suit, Id.; the Court is required to enforce this requirement *sua sponte*. See Salas v. Tillman, 162 Fed. Appx. 918 (11th Cir. 2006) (holding that the district court's *sua sponte* dismissal of Plaintiff's § 1983 claims for Plaintiff's failure to exhaust was not an abuse of discretion); see also Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998).

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion." Woodford, 126 S. Ct. at 2387 (emphasis added). In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156. Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought--i.e. monetary damages--is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326)); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

Thus, because exhaustion is a pre-condition to suit and because the full exhaustion of all administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form. The Court takes judicial notice that the Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the

-4-

nature of his complaint.  Fla. Admin. Code  33-103.006-.007.   If the inmate's issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections.  Id. at 33-103.007.  Additionally, an inmate may bypass the filing of an informal and formal grievances and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary.  Id. at 33-103.007(6).

Based on a review of the Complaint, Plaintiff has not initiated the grievance procedure and clearly has not fully exhausted the administrative grievance procedures available to him with the Department of Corrections.  Plaintiff could have filed a grievance of reprisal directly with the Office of the Secretary General. Plaintiff must avail himself of any administrative appeals process before he files an action in federal court.  Here, Plaintiff has prematurely filed his Complaint before affording officials an opportunity to compile their investigation of Plaintiff's claim.  Thus, Plaintiff's Complaint is dismissed for failure to exhaust his administrative remedies.  Plaintiff may re-file his Complaint, if necessary, at such time as he completes his available administrative remedies.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Complaint (Doc. #9) is **DISMISSED without prejudice** pursuant to 42 U.S.C. § 1997e.

2.   Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. #6) is **DENIED** as moot.

3.   Plaintiff's Motion to Appoint Counsel (Doc. #8) is **DENIED** as moot.

4.   The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly, and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __5th__ day of January, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record